UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHNATHAN T. MAZZION,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br>NEVADA FIRST FIDUCIARIES, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:14-cv-00269-APG-PAL<br><br>**ORDER**<br><br>(IFP App. - Dkt. #1) |

　　　　Plaintiff Johnathan T. Mazzion is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint.  This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule IB 1-3 and 1-4.

**I.　　In Forma Pauperis Application.**

　　　　Mazzion has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them.  Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

**II.　　Screening the Complaint.**

　　　　Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Mazzion's complaint alleges he is a disabled veteran with a non-service-related diagnosis of schizophrenia for which he receives Veteran's Administration benefits. His alleges that his finances are managed by Defendant Nevada First Fiduciaries, and in April or May 2013[1], Defendant Joseph Manos became Plaintiff's financial adviser at Nevada First Fiduciaries in March 2013. Mazzion contends Manos failed to provide him with monthly bank statements. Mazzion admits that he received bank statements on two prior occasions, but he believes these documents were falsified.

Mazzion has included correspondence to the Better Business Bureau ("BBB"), along with Manos' response, Mazzion's reply, and Manos' surreply. Mazzion complained that Manos was

---

[1] In his email to the Better Business Bureau, included in the complaint, Mazzion alleged Manos became his fiduciary in March 2013, which is probably more accurate because Mazzion alleges that Manos overpaid Mazzion's rental payment in March 2013. *See* Complaint at 2.

2

careless in paying Mazzion's rent, and Manos overpaid it on March 23, 2013. In response, Manos itemized Mazzion's monthly budget, and explained that the same month he became Mazzion's fiduciary, he did not receive check(s) from the Social Security Administration and/or the Veteran's Administration on time because of a government delay. When Manos received the money, he began paying Mazzion's bills. Manos explained that Mazzion tried to get a statement from the bank, but the bank told Mazzion it could not give him the statement because the account was a trust account, Mazzion did not have access to the money, and a statement had not been generated. The bank told Mazzion he would have to request a statement from Manos. Manos gave Mazzion an accounting statement. Manos admitted paying Mazzion's rent late and having to pay a late fee as a result.

Mazzion replied that Manos was withholding his account statements, and he needed to mail them to Mazzion. Manos responded that he has given Mazzion the statements, but Mazzion "does not believe they are bank statements." Complaint at 4. He also represented that the Veteran's Administration had found Mazzion was unable to handle his own finances, that a bond insured Mazzion's money was secure, and that Manos was required to and did provide an accounting to the VA as required.

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Mazzion has not alleged federal jurisdiction exists in this case. Mazzion cites Federal Rule of Civil Procedure 7 and 8 as his basis for federal court jurisdiction. However, these rules are general pleading rules and do not qualify as a jurisdictional basis to sue in federal court. Mazzion's claims for breach of fiduciary duty arise under Nevada state law, and no federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists. Plaintiff has not established the court has diversity jurisdiction under 28 U.S.C. § 1332 because he has not alleged that the parties are citizens of different states or that he has damages in excess of $75,000. Plaintiff's complaint will therefore be dismissed with leave to amend.

If Mazzion elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what his

1  federal claim(s) is/are or set forth another basis for the court's jurisdiction, and support each
2  claim with factual allegations about each defendant's actions.  Plaintiff's claims must be set forth
3  in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534
4  U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

   Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Mazzion files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   Accordingly,

   **IT IS ORDERED:**

   1. Plaintiff's request to proceed in forma pauperis is **GRANTED**.  Plaintiff shall not be required to pay the filing fee of four hundred dollars.

   2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

   3. The Clerk of Court shall file Plaintiff's complaint.

   4. Plaintiff shall have until **October 30, 2014,** to file his amended complaint, if he believes he can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

   5. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall

place the case number, **2:14-cv-00269-APG-PAL**, above the words "FIRST AMENDED COMPLAINT"

6. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 29th day of September, 2014.

                                                                         *[signature]*
                                                                         PEGGY A. LEEN
                                                                         UNITED STATES MAGISTRATE JUDGE